**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| BRADY EAMES,<br><br>Plaintiff,<br><br>v.<br><br>THE ADMINISTRATIVE COMMITTEE OF THE FEDERAL REGISTER; THE OFFICE OF THE FEDERAL REGISTER; and THE NATIONAL ARCHIVES AND RECORDS ADMINISTRATION;<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>**Case No. 1:15-CV-0021-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is a motion by Defendants Administrative Committee of the Federal Register ("ACFR"), the Office of the Federal Register ("OFR"), and the National Archives and Records Administration ("NARA") (collectively the "Defendants") to dismiss all claims brought by Plaintiff Brady Eames ("Plaintiff"), including proposed claims in Plaintiff's motion to serve supplemental pleadings.[2] In addition, the court will address Plaintiff's "motion for permission to serve supplemental pleadings," which is effectively a motion for leave to amend the complaint to add three new causes of action.[3]

---

[1] *See* Docket no. 2.

[2] Docket no. 18.

[3] Docket no. 16.

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral arguments would not be helpful or necessary. DUCivR 7-1(f).

Since Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, Plaintiff's pro se status does not discharge him from having to comply with the Federal Rules of Civil Procedure, and the court will not assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp*., No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011).

The court has carefully reviewed the motions and memoranda submitted by the parties and issues the following report and recommendation.

**BACKGROUND**

On January 18, 2015 Plaintiff filed his original complaint.[4] On July 13, 2015, Plaintiff filed an amended complaint.[5] Plaintiff's amended complaint contains thirty-one claims against various agencies of the United States alleging failure to perform certain duties, unlawful performance of other duties, and various violations of law.[6]

Plaintiff brings seven claims against the ACFR.[7] Plaintiff alleges the ACFR failed to publish regulations discussing the distribution of the Code of Federal Regulations to Federal Depository Libraries, failed to publish information in the Federal Register, and failed to publish information about itself electronically.

[4] Docket no. 1.

[5] Docket no. 10.

[6] *Id.*

[7] *Id.*

Plaintiff brings eight claims against the ACFR and OFR jointly.[8] Plaintiff alleges the ACFR and the OFR failed to adequately publish in paper form a subject-matter index to the Federal Register and instead opted to publish only an electronic version without providing Plaintiff notice in the Federal Register.

Plaintiff brings seven causes of action against NARA and ACFR jointly. Plaintiff alleges the ACFR should have promulgated regulations about the Freedom of Information Act ("FOIA"), and that ACFR, not NARA, should have adjudicated Plaintiff's FOIA requests.

Plaintiff brings nine causes of action against NARA.[9] Plaintiff alleges that NARA failed to publish information about itself and other agencies in the Federal Register and failed to give notice in the Federal Register that it would publish information online.

On August 21, 2015 Plaintiff filed a motion for permission to serve supplemental pleadings.[10] Plaintiff's proposed "supplemental pleadings" contain three additional claims: (1) NARA failed to determine whether to respond to his FOIA requests within twenty working days; (2) Defendants failed to publish any information about the interpretation of their respective security programs in the Federal Register and Code of Federal Regulations; and (3) Defendants failed to publish in the Federal Register any notice about the security measures regarding personal identifying information.[11]

Beyond a "sincere interest" in governmental affairs,[12] Plaintiff fails to allege facts that would establish standing other than that of being a member of the general public.

---

[8] *Id.*

[9] *Id.*

[10] Docket no. 16.

[11] *Id.*

[12] *Id.* at 12.

On September 1, 2015, Defendants moved to dismiss the complaint and the proposed supplemental pleadings due to a lack of subject-matter jurisdiction and mootness.

Plaintiff has filed numerous similar lawsuits in this district.

**ANALYSIS**

**Motion to Dismiss**

Defendants move to dismiss the amended complaint and Plaintiff's proposed supplemental claims under rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The asserting party must "allege in [his] pleading the facts essential to show jurisdiction." *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992). "A standing determination must be made before jurisdiction is established." *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994). To survive a rule 12(b)(1) motion to dismiss, a plaintiff must allege sufficient facts to meet both Article III standing and prudential standing. *Wyoming v. U.S. Dep't of the Interior*, 674 F.3d 1220, 1230-31 (10th Cir. 2012).

Plaintiff fails to allege sufficient facts to establish standing, and the motion to dismiss should be granted.

**a. Article III Standing**

To establish Article III standing, Plaintiff "must demonstrate: '(i) an injury in fact that is both concrete and particularized as well as actual or imminent; (ii) an injury that is traceable to the conduct complained of; and (iii) an injury that is redressable by a decision of the court."' *Wyoming ex rel. Crank v. United States,* 539 F.3d 1236, 1241 (10th Cir. 2008) (citing *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Supreme Court has "consistently held that":

> a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573-74.

"[T]o establish injury in fact for purposes of Article III, [Plaintiff] must not only show that the agency's disregard of a procedural requirement results in an increased risk of . . . harm, but [he] must also show the increased risk is to [his] *concrete and particularized* interests." *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 449 (10th Cir. 1996) (emphasis added). "[M]ere interest in a problem, no matter how longstanding the interest, is insufficient to confer standing." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 809 (11th Cir. 1993) (citing *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972)).

Here, Plaintiff raises "only a generally available grievance about government," *Lujan*, 504 U.S. at 573-74, and fails to allege that the agencies' "disregard of a procedural requirement result[ed] in an increased risk of . . . harm . . . to [his] concrete and particularized interests," *Committee to Save the Rio Hondo*, 102 F.3d at 449. Plaintiff's professed interest in the law,[13] regardless of sincerity or intensity, does not confer standing.

**b. Prudential Standing**

This court need only analyze prudential standing if Article III standing requirements are met. *Wyoming*, 674 F.3d at 1230-31. Nonetheless, out of an abundance of caution, the court will address prudential standing.

[13] Docket no. 10 at 12.

The prudential standing doctrine consists of judicially self-imposed limits on the exercise of federal jurisdiction including "refrain[ing] from adjudicating 'generalized grievances' most appropriately addressed by one of the other branches of government." *Wyoming*, 674 F.3d at 1230-31. "Without such limitations . . . the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Warth v. Seldin*, 422 U.S. 490, 499-500 (1975).

Plaintiff's claims consist of generalized grievances better resolved by the legislative or executive branch of government. Plaintiff does not assert any individualized harm greater than that of the public at large. In addition, Plaintiff does not appear to have exhausted other means of finding redress through the other branches of government. Accordingly, the court finds that Plaintiff lacks prudential standing.

Because Plaintiff lacks Article III standing and prudential standing, the court recommends that Defendants' motion to dismiss be **GRANTED**.

**Motion for Leave to Supplement Pleadings**

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, a court may refuse leave to amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

Plaintiff's proposed "supplemental" claims suffer from the same standing defects as the claims in the operative complaint. Such amendments would be subject to dismissal and granting leave to bring the claims would be futile. Accordingly, it is recommended that Plaintiff's motion be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, this court recommends that Defendants' motion to dismiss be **GRANTED** and that Plaintiff's motion for leave to amend to include supplemental claims be **DENIED**.

This court will send copies of this report and recommendation to the parties, who are hereby notified of their right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection to this report and recommendation must be filed within fourteen (14) days after a party is served with a copy of it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 15th day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge